**Petition for Writ of Habeas Corpus Dismissed and Opinion filed October 15, 2024.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-24-00544-CV**

---

**IN RE ODIS STYERS, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF HABEAS CORPUS**
**County Court at Law**
**Austin County, Texas**
**Trial Court Cause No. 2023L-8325**

---

## MEMORANDUM OPINION

On Monday, July 29, 2024, relator Odis Styers filed an amended petition for a writ of habeas corpus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Daniel W. Leedy, presiding judge of the County Court at Law of Austin County, to vacate the trial court's July 25, 2024 "Order For Capias."

On August 1, 2024, this court ordered relator to file a petition that satisfies Texas Rule of Appellate Procedure 52.7(a)(2). *See* Tex. R. App. P. 52.7(a)(2). Rule 52.7 requires the relator to file "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." See *id*. Relator filed a supplemental record on August 13, 2024 with sworn transcripts of two proceedings underlying the habeas corpus petition.

However, relator's petition fails to satisfy Rule 52.7(a)(1). *See* Tex. R. App. P. 52.7(a)(1). Rule 52.7(a) also requires the relator to file a record that contains "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." *See id.; see also In re French*, No. 14-24-00287-CV, 2024 WL 2931075, at *1 (Tex. App.—Houston [14th Dist.] June 11, 2024, orig. proceeding.) Relator filed certified copies of documents material to relator's claims. But relator did not file certified copies of "every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." *See* Tex. R. App. P. 52.7(a)(1). To date, relator has not provided this court with the motion to revoke suspension of commitment filed with the trial court on May 16, 2024 underlying the habeas corpus petition. Further, relator has not provided the supplemental motion to revoke suspension of commitment and notice of a court proceeding filed with the court on July 3, 2024.

As the party seeking relief, the relator has the burden of providing the court with a sufficient habeas-corpus record to establish the relator's right to relief. *See In re French,* 2024 WL 2931075, at *2; *see also In re Watt*, No. 05-19-00977-CV,

2019 WL 4233380, at *2 (Tex. App.—Dallas Sept. 16, 2019, orig. proceeding) (mem. op.). To date, relator has not provided this court with the motions underlying the habeas-corpus petition referenced above. *See In re French,* 2024 WL 2931075, at *2.

Because relator has not complied with the Texas Rules of Appellate Procedure, we dismiss relator's petition for writ of habeas corpus for want of prosecution. *See id*. In addition, we lift this court's August 1, 2024 stay order.

PER CURIAM

Panel consists of Justices Wise, Spain, and Hassan.